MOURAIN *vs.* DEVALL ET AL.

APPEAL·FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE
PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

| 12L | 93 |
| 48 | 460 |

Where the payee of a note, endorsed by him, and even another after him,
 in blank, is in possession of it, he may sue and recover by the executory
 proceeding, when the note is identified with a mortgage.

When the payee is in possession of a note, on which his name is endorsed
 in blank, no proof of a re-transfer is necessary to enable him to recover.

A judge is not bound to receive sureties in an injunction bond residing out
 of the parish, and whose solvency and sufficiency are unknown to him.

This case commenced by the executory proceeding on a
note and mortgage made and executed by the defendants, D.
and C. Devall, to the plaintiff, in part of the price of a
plantation and slaves.

The note sued on is the first of a series of seven, drawn by
the defendants, for the sum of five thousand dollars, the 1st
of May, 1836, payable twelve months after date, to the order
of the plaintiff, and by him endorsed in blank, with that of
one Delamar. The note being identified with the mortgage
retained on the plantation and slaves, the plaintiff obtained
an order of seizure and sale. The defendant made opposition,
and prayed for an injunction to stop the sale on various
grounds set forth. The judge of the district refused the
order of injunction. Application was afterwards made to the
judge of the second district, who granted the injunction, but
required the defendants to give bond with security in the
sum of ten thousand dollars. A bond was prepared, pur-
porting to be signed by them and several persons as sureties,
which the clerk refused to receive. A rule was taken on
him, to show cause why he should not receive and file it.

On hearing the rule, the judge was of opinion, as it was
not shown that the persons who signed as sureties resided in
the parish, no proof of the genuineness of their signatures or

of their sufficiency being made, they being unknown to the court, that the bond was insufficient. The rule was discharged, and the defendants appealed from the order of seizure.

*L. Janin*, for the plaintiff.

1. In this case the plaintiff, as payee of the note, endorsed it in blank, and another person endorsed it after him, also in blank, probably for the purpose of putting it in bank, as it was protested by the notary of the bank.

2. This case is entirely similar to that of Barbarin *vs.* Daniels, 7 Louisiana Reports, 481, in which an order of seizure and sale, issued under the same circumstances, was held to be regular.

3. The proceedings in relation to the injunction, and *mandamus* to the clerk, requiring him to receive the surety bond, and to issue the process, were all *ex parte*, and of which the plaintiff had no notice, cannot now be noticed. The appeal is from the order of seizure and sale.

*A. N. Ogden*, for the defendant.

1. That the order of seizure and sale was improperly granted, because, on the face of the record it appeared that the note and mortgage was the property of a different individual, and disclosed a total want of right in the plaintiff.

2. The defendants having obtained an injunction from a competent tribunal, and having tendered a bond, the genuineness and sufficiency of which is shown by the affidavit of the defendants, the judge, when applied to, should have ordered the clerk to file the petition and order of injunction, and to issue the necessary process.

*Bullard, J.*, delivered the opinion of the court.

This is an appeal from an order of seizure and sale, after an unsuccessful attempt to obtain an injunction to arrest the proceedings.

The appellant assigns for error apparent on the face of the record, that the note and mortgage were the property of a

different individual, and disclosed a total want of right in the plaintiff.

The note presented, bears the blank endorsement of the plaintiff as original payee, and a subsequent blank endorsement of Delamar. Being now in possession of the original payee, he would be entitled to recover either with or without the endorsements, and they might be struck out, or the last filled up on trial, if this were a proceeding in the *via ordinaria.*

The case, as it is presented, cannot be distinguished from that of Barbarin *vs.* Daniels, 7 Louisiana Reports, 481, in which we held, that when the original payee is in possession of the note on which his name is endorsed in blank, no proof of re-transfer is necessary to enable him to recover.

It is further assigned as error, that the defendants having obtained an order for an injunction, and tendered a sufficient bond, the judge should have ordered the clerk to file the petition and bond, and issue the necessary process.

We think the judge did not err in declining, upon the rule against the clerk of his court, to compel him to receive as sufficient, a bond purporting to be signed by persons not resident in the parish, and whose sufficiency and solvency were unknown to him. *Code of Practice,* 304.

It has been further argued, that the injunction ought to have been granted without bond with surety. To this it may be answered: 1st, that it was not asked; and 2d, that the record does not show on what grounds the injunction was claimed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*March,* 1838.

MOURAIN
*vs.*
DEVALL ET AL.

Where the payee of a note, endorsed by him and even another after him, in blank, is in possession of it, he may sue and recover by the executory proceeding, when the note is identified with a mortgage.

When the payee is in possession of a note on which his name is endorsed in blank, no proof of a re-transfer is necessary to enable him to recover.

A judge is not bound to receive sureties in an injunction bond, residing out of the parish, and whose solvency and sufficiency is unknown to him.