. Hébrard and others v. Bollenhagen.

---

PIERRE ADOLPHE HEBRARD and others *v.* JACOB BOLLENHAGEN.

Where the payee of a bill of exchange or promissory note, having endorsed it in blank, again becomes the holder, he may recover on it, though there be subsequent endorsements in full upon it, without showing any receipt, or endorsement back to him, from any of the endorsers, whose names he may strike out, or not, as he pleases.

By the first section of the act of 13 March, 1827, the mention made by a notary in his protest of the demand made upon the drawer, acceptor, or other person on whom an order for the payment of money, or bill, or note, is drawn or given, and of the manner in which it was made, is sufficient proof thereof; and a certified copy of such protest, is evidence of all the matters therein stated.

Where an appeal has been set for trial, and continued, for want of time, till the next term, a prayer for damages for the delay occasioned by the appeal, filed at the second term, will be too late.  C. P. 886, 887, 888.

APPEAL from the District Court of Caldwell, *Curry*, J.

*McGuire* and *Ray*, for the plaintiffs.

*Garrett*, for the appellant.  Mere possession of a bill or note, after special endorsements, is not evidence of title from the previous parties.  See 2 Mart. N. S. 254.  6 *Ib.* N. S. 45.  2 La. 193.  15 La. 266.

SIMON, J.  This action is brought against the maker of a promissory note, duly protested for non-payment, and made payable at the counting room of the plaintiffs, in New Orleans. The defence is, that the plaintiffs are not the owners of the note sued on, and that there has been no presentment, or demand, at the place where it was made payable.

Judgment was rendered below in favor of the plaintiffs, and from this judgment the defendant has appealed.

The note sued on is made payable to the order of the plaintiffs, who appear to have endorsed it in blank. This endorsement is followed by one in full, viz : " Pay Citizens Bank of La.," at whose request it was protested for non-payment, at maturity. The notary states in his protest, that he proceeded to the counting-room of P. A. Hebrard & Co., where said note was made payable, and there, presenting the same to Mr. P. A. Hebrard, one of the firm, he demanded payment thereof, and was answered, &c.

We are of opinion that the district judge did not err. The plaintiffs are the payees, and are in possession of the note sued on. In the case of *Huie* v. *Bayley* (16 La. 217), the doctrine with regard to the right of the holder to recover upon a note on which there are blank endorsements and a subsequent endorsement in full, without showing that the note has been subsequently re-endorsed to him, was fully developed ; and we held that " the holder of a bill or promissory note, endorsed in blank by the payee, might recover on it, notwithstanding there were subsequent endorsements in full upon it, and that he might strike them out, or not, as he pleased." This opinion was based upon the doctrine laid down by the Supreme Court of the United States in 3 Wheaton, 173—183, which was in accordance with the decision of this court, in 12 La. 93. We have uniformly adhered to it since (17 La. 157) ; and it is clearly applicable to the present case.

The demand made at the counting-room of the payees of the note, as shown by the statement of the notary in his protest, is sufficiently established. By the 1st section of the law of 1827, (B. & C.'s Dig., 43,) it is provided that the mention of such demand by the notary in his protest, shall be sufficient proof thereof; and that a certified copy of such protest, shall be received as evidence of all the matters therein contained.

With regard to the claim for damages, set up by the appellees in their answer, for a frivolous appeal, we think that it was filed too late, and cannot be allowed. The record in this case was filed in April, 1843, and the case was regularly set for trial at the October term following of this court. It was not tried then, and was passed over for want of time. The appellee's answer containing their demand for damages, was only

filed on the 7th October, 1844, during the present term ; and it is provided by articles 886, 887 and 888, of the Code of Practice, that the appellee's answer, claim for damages, or demand to amend the judgment appealed from, must be filed within three days after the return day.

*Judgment affirmed.*