# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, MARCH TERM, 1832.

[PHILADELPHIA, MARCH 30, 1832.]

## MARIS *against* PARRY and others.

### APPEAL.

If the recognitors who are sworn in an assize of nuisance cannot agree and are discharged, the panel cannot afterwards be resummoned, and the whole of them sworn, to afforce the assize.

Nor can those who were not previously sworn, be sworn with a *tales* and take the assize.

Nor can a writ be awarded commanding the sheriff to summon a new set of recognitors.

This was an assize of nuisance originally commenced in the Court of Common Pleas of *Bucks* county, by *William Maris* against *Benjamin Parry* and others, and removed by *certiorari* to the circuit court.

At a circuit court held at *Doylestown*, by the late Judge SMITH, on the 22d of *February*, 1830, all the twenty-four recognitors summoned by the sheriff appeared except two, who made default; but the cause was continued in consequence of the absence of a material witness for the defendants. A circuit court was held by the Chief Justice on the 7th of *March*, 1831, when twenty-three of the recognitors appeared, one of them having died in the interval. Twelve of them were on the following day called, who having sveerally answered that they had viewed the place in dispute between the parties, were severally sworn or affirmed, well and truly to try this matter of assize between the parties, according to their evidence, and charged to inquire, "whether the defendants, unjustly and without

(Maris v. Parry and others.)

judgment, had erected, levied and raised, a certain wall and dam, thereby obstructing a certain mill-site, and a certain water course in the township of *Solebury,* in the county of *Bucks,* to the nuisance of the freehold of the said *William Maris,* situated in the same township and county within thirty years last past, and if they did, then to inquire what costs and damages the plaintiff had sustained by reason of such erecting, levying, and raising the said wall and dam, thereby obstructing the mill-site, and water course aforesaid, and if they did not erect, levy and raise the said wall and dam and thereby obstruct the mill-site and water course aforesaid, then to say so and no more ; and so that they should stand together and hear their evidence." On the 11th of *March,* the recognitors who had been empannelled, came into court and said they had not agreed upon their verdict and could not agree; upon which they were permitted to separate; and on motion of the counsel for the plaintiff, the court awarded a writ of resummons, returnable to the next circuit court.

The next circuit court was held by Judge ROGERS, on the 27th of *February,* 1832, when all the recognitors appeared, and being called, severally answered, that they had viewed the premises, all of them once before the last circuit court, except *Abraham Garges,* and all of them, except *William H. Rowland, Robert Armstrong* and *Hugh D. Ferguson,* also since the last circuit court. The plaintiff by his counsel prayed that the recognitors, to the number of twenty three there present, might be sworn, in order that the assize, which had been ordered to be taken, might be afforced, to which the defendant's counsel objected, and the court refused to permit them to be sworn. The plaintiff then prayed that the eleven recognitors who had not been sworn at the former circuit court, might be called and sworn with a *tales,* and the assize taken by them, which was also refused by the court. The plaintiff then prayed that a writ might be issued to the sheriff commanding him to summon other recognitors to view, &c. and take the assize in this case, returnable at such time as the court should direct, which was also refused. The recognitors were therefore discharged by the court against the consent of the plaintiff, who appealed to the Supreme Court for the following reasons viz :

*First.* That his Honor erred in refusing to permit the recognitors to the number of twenty-three to be sworn, &c. to afforce the assize.

*Second.* That his Honor erred in refusing to permit the remaining eleven recognitors who had not theretofore been sworn, to be sworn with a *tales,* and take the assize; and in deciding that none of the present recognitors could pass on the case.

*Third.* That his Honor erred in refusing to award a writ to the sheriff, to summon a new set of recognitors.

*Fourth.* That his Honor erred in discharging the recognitors.

*J. M. Porter* and *J. R. Ingersoll,* for the appellants.—The only question raised upon this appeal is, what is the proper course of proceeding, where twelve recognitors in an assize of nuisance are sworn and cannot agree upon their verdict. The long disuse of this remedy

in *England* renders it impracticable to produce a precedent applicable to the present inquiry. It does not however follow that the remedy is to fail for that reason. The case of *Barnett* v. *Ihrie*, 17 *Serg. & Rawle*, 174, has recognized the assize of nuisance as an existing remedy in *Pennsylvania*, and it was there said, that when modified by the improvements of which it is susceptible, and adapted to modern times, it is a proper and salutary means of enforcing the laws of the commonwealth. It remains unaltered in all its essential properties, but times and circumstances having changed, it is in matters of form to be made to accord with modern practice. Instead therefore of crippling it by giving effect to technical difficulties, the court will be disposed to aid its operations, in order to render it extensively useful. Where a defendant is insolvent and contumacious, it is the only effectual remedy for the injury complained of. Verdict after verdict may be obtained without any beneficial result. In such an event, *Blackstone* says, (3 *Bl. Com.* 222,) recourse must be had to the old and sure remedies, which will effectually conquer the defendant's perverseness by sending the sheriff with his *posse comitatus* to level the nuisance. If therefore this remedy be out of use in *England*, it is not because it is considered an improper or useless one, but because occasion does not call for it. In *Pennsylvania*, the necessity of resorting to it frequently arises, and therefore every facility should be given to its proceedings. In this case twelve of the recognitors were sworn, and heard the evidence, but could not agree upon a verdict. They were accordingly discharged and a writ of resummons issued. What then was to be done? Perhaps, according to ancient practice, application should have been made *instanter* to afforce the assize. But the Chief Justice had dispensed with the application, and the defendants had made no objection to the discharge of the recognitors and the issuing of a writ of resummons. Immediate afforcement was therefore impracticable. Another reason prevented it. When the trial came on, it was supposed it would continue a week. The attending jurors were therefore dismissed, and the recognitors considering themselves as ordinary jurors, departed with the rest. It thus became necessary to pursue the course which was adopted, or the remedy would have failed altogether. This course is obnoxious to no reasonable or legal objection. The office of the additional recognitors, is analogous to that of supernumeraries on a court martial. When they have been present during the investigation, have heard the evidence and the arguments, there is no difficulty in their joining in the verdict. The remedy being at hand, may be resorted to *instanter*. But in the present instance, a concurrence of circumstances, brought about by a want of familiarity with the details of the proceeding, rendered that course impracticable, and the question is, whether no other was open. Immediate afforcement, having thus become impossible, all that remained to be done, in order to prevent what had been done from becoming nugatory, was to issue a resummons, and to this, the mere separation of the recognitors was no sub-

(Maris *v.* Parry and others.)

stantial objection. Every similar tribunal may adjourn and separate. This is the every day practice of landlord and tenant's juries, and sheriff's juries. Recognitors of assize, are not, as was said in *Barnett* v. *Ihrie*, like ordinary jurors, nor are they governed by the rules which regulate them. The proceeding by assize, is in the nature of an inquest to try the whole matter, and it is no more terminated by such an event as occurred in this case, than if the judge had been indisposed, and obliged to adjourn the trial. The recognitors originally summoned must try the cause. Having had the view, they alone can take the assize, and if they have been discharged they must be resummoned. As long as the writ remains, the recognitors may separate and reassemble. The objections which may be raised to the separation of jurors, do not apply to recognitors of assize. A majority of the recognitors is sufficient for a verdict, but with jurors unanimity is required. To tamper therefore with eleven of the former is not so dangerous as with one of the latter. · For this reason they are not surrounded with so many safe guards to protect them from the contamination of the parties. They, in fact, are always with the parties. They go with them to· view the premises and hear their statements, in the absence both of court and counsel. It can only be argued that separation vitiates the whole proceeding by a supposed analogy to juries, which clearly does not exist. But with us, even in the case of a jury trial, separation has not such an effect. If one of the jurors becomes unwell, the trial may be adjourned to a future day and the jury separate; such things frequently occur in our courts. Again, recognitors receive no charge from the court, which distinguishes them also from jurors, and renders it less improper for them to separate. In proceeding by assize, adjournments frequently take place, as the books show, and there is nothing in the circumstances of this case to prohibit an adjournment. In *England* the recognitors, or so, many of them as can be found, may be called together again, by a certificate, and if there is any thing in the nature or form of that writ, which prevents its use with us, the court will take care to provide a substitute to give the party a rehearing, when injustice has been done. A writ of resummons to the original recognitors, is obviously the most convenient course of· proceeding in such a case, and the most analogous to the ancient forms. But if this cannot be done, a writ to summon new recognitors would be less inconvenient and expensive than to let the whole proceeding fall to the ground and begin again. Besides, as the assize does not fall, but is still pending, if the plaintiff should resort to another, the defendants may plead the pendency of the first, and thus defeat him. It may be truly said, that from the little light that can at this distance of time be obtained, the whole subject is obscure; but as this court has declared the assize of nuisance to be not only an existing but a useful remedy, and it is completely under· their control, it is to be presumed they will mould it in such a manner, as to give it the fullest and best effect. They cited *Reeves's Hist. Eng. Law.* 330, 331. 334, 335. 1 *Mod.* 123.

(Maris *v.* Parry and others.)

*Fleta.* 230. 339.   *Bract.* 184, 185.   *Booth on Real Actions*, 215. 279. 283. 289. 291. 294.   *Fitz. N. B.* 447.   2 *Inst.* 26. 410. 414. 415. 4. *Co.* 4.   10 *Co.* 104.   3 *Vin. Ab.* 190, 191.   *Br. Ab.* 97. 193, 194. *Trials per Pais*, 270, 271.   *Co. Litt.* 155.   *Livezey* v. *Gorgas*, 1 *Binn.* 252.

*Kittera*, for the appellees.   The plaintiff has thought proper to select an unusual and antiquated remedy, with few lights to guide his path, and if he has found it beset with difficulties and has at length arrived at a point beyond which he cannot go, it is no more than he might have anticipated.   This *festinum remedium* commenced in the year 1828, in the court of Common Pleas, which sits four times a year.   It was afterwards removed to the Circuit Court which sits once a year, and after the lapse of four years, the parties find themselves exactly where they were when they set out.   If the ordinary remedy had been resorted to, the plaintiff might long since have had a conditional verdict, if he was entitled to it, by which full justice would have been done.   But he turned aside from the usual course, to pursue one, which he confesses, he knows nothing about, and he now asks the court to devise some method, to relieve him from the difficulties he has brought upon himself.   *Fleta*, was compiled from *Glanville* and *Bracton*, and subsequent writers have derived their learning on this subject from *Fleta*.   More is to be found in *Reeves* than in any other author.   He has collected all that is valuable on the subject.   But neither in *Reeves* nor in any other book can an instance be found, in which, when the assize has been dismissed, the proceeding has not been considered at an end.   And it is right that it should be so.   In case the assize be afforced and the verdict ultimately rendered for the plaintiff, the consequences to the defendant and the dissenting jurors, are penal.   They are liable to an attaint. If the plaintiff cannot get twelve men to say that the defendant has been guilty of a disseisin, he should be allowed to depart.   This is the course in all our proceedings of a similar nature.   There is no instance in which a jury who have refused to give a verdict and been suffered to separate, have been again put into the box.   The ancient mode of proceeding under such circumstances was to afforce the assize immediately.   It was done while the matter was fresh in the minds of the recognitors, and before they had an opportunity of conversing with any one.   No one was permitted to speak to them, except the judge to ascertain how they stood.   *Bracton* says, " you shall get a verdict, if you can ; if not, you must go to the great court." The court could resummon the recognitors but in a single instance, when a certificate of assize was granted.   This was done when it became necessary to take the opinion of the court upon a deed or some such matter.   But to resummon the recognitors after they have refused to give a verdict and been discharged, was never before heard of.   The recognitors, if not turned into a jury by the parties, are witnesses in the cause and liable to an attaint for false testimony.   If

(Maris *v.* Parry and others.)

they are not able to testify as to the whole, they must if they can, as to part. When they say they cannot testify, there is no instance of their being kept together until they can. The great object of proceeding by assize is dispatch. Every thing like delay is discountenanced ; but the delays incident to the course of proceeding now proposed, are interminable. Twelve recognitors are sworn, who after hearing the whole case, cannot agree, and are discharged. An application is made to the court to have them resummoned, and after the lapse of a year the court is asked to have them afforced. No authority for such a proceeding can be found, and it is contrary to the whole spirit of the proceeding by assize. The moment the recognitors were permitted to separate, the whole proceeding was at an end. There was no mode of reassembling them. The plaintiff could not have a certificate, as that always contains the finding and here was no finding. The court has never been called on to afforce the assize properly, from the beginning to the end of this proceeding. When the assize is afforced, it is never by swearing all the recognitors summoned, as was proposed to be done in this case, but by add others to the major part of the assize according to the number of dissenting voices. This was never asked for. The other proposal, to swear the eleven who had not already been sworn and add others to them, is not recommended by any thing to be found in any book. The plaintiff's counsel admit, that to summon new recognitors is incorrect, when they argue that the assize is a peculiar tribunal, which must carry the whole proceeding through without being changed. Nor can the court summon a new set of recognitors. It has no such power. One of two courses is alone open. They must either bring back the twelve who have already heard the case and add others out of the original set, until the assize is enforced, which properly can only be done *instanter*, or they must direct the proceeding entirely *de novo*, and then after an equally long time has been consumed, the same scene may be reenacted. This court has indeed said, that the assize of nuisance is an existing remedy in *Pennsylvania*, but it has not said, that what relates to afforcing the assize is the law here. It has not been done in *England* for half a century or more, and policy forbids its introduction among us. To press out of twenty-four men, a verdict of twelve, is what is done in no other case and is not justifiable in this. The party must make out his case to the satisfaction of twelve men, and if he cannot do it, and the recognitors are discharged, it is an acquittal of the defendant, for others cannot be summoned. The effect of failing in this case is the same as in a variety of other cases. If a party fails in a proceeding before a landlord and tenant's jury, no one ever heard of the jury being resummoned. The inconvenience of the course proposed would be extreme, and it is at variance with all our ideas of propriety. This tribunal, which was intended to give a speedy remedy may be kept in operation ten years and converted into an instrument of oppression in the hands of a powerful man. It would be better to abandon it altogether.

(Maris *v.* Parry and others.)

To understand this intricate, antiquated and obscure branch of the law, would require the study of years, and perhaps the result would be to prove that it was not understood even in those times in which it was most frequently brought into operation.    He cited *Reeves Hist. Eng. Law.* 130. 132. 190. 328. 350. 376.    3 *Reeves,* 23.    *Savier* v. *Lenthall,* 1. *Salk.* 82.    3 *Vin. Ab.* 191.    *Jac. Law Dict.* tit. *Assize.*

The opinion of the court was delivered by

Huston, J.—In this case I shall content myself with giving the decision of the court as I understand it, without pretending to explain the assize of nuisance, or direct the mode of proceeding in it.

In *Barnett* v. *Ihrie,* 17 *Serg. & Rawle,* 212, it is said, "The recognitors are not jurors; they are not summoned for a single term, but to attend the cause from its inception to its termination; and this they must necessarily do as they are to have a view before the return of the writ."—Agreeably to this, which is also the doctrine of *Livezey* v. *Gorgas,* 1 *Binn.* 252, no new recognitors can be brought in; the only process to summon them is the original writ which summons the defendant.    The majority of the court are of opinion that the assize cannot be afforced by adding other jurors in any case, much less can it be done by suffering those who were sworn and could not agree, to separate for a year, and then collect them and add others till twelve could be found of one opinion.

The cases which speak of collecting the recognitors or so many of them as can be found, are not cases in which they were sworn and could not agree, but cases of a certificate, which was a new writ commanding a second examination of a case decided on, or a writ of redisseisin, &c. &c.

It has been compared to a writ of inquiry of damages, or of condemnation of lands levied on by a *fieri facias;* it is in all respects different from both.    They are *proceedings in a suit in which judgment has been obtained;* this is a proceeding, instituting a complaint, bringing in the party, and asking a trial and judgment.

It more resembles our proceeding by landlords to recover possession against tenants holding over.    The justices and juries in such cases, do sometimes adjourn during the progress of the proceedings; but if it is contended that after the jury have heard all the evidence offered, have retired to make their inquest, and have returned to the justices that they cannot agree, and for that reason are permitted to separate, and do separate and go home for weeks, months or a year, they can be called together on the old process, and the matter again submitted to them, and be decided by them, I utterly deny it.    There has been no such usage, though there may have been a single such case.    Such a practice has never received the sanction of any court; it is against all principle, and shocks the common sense of right and justice. Nor can the sheriff in such a proceeding summon another jury; that first summoned is part of the machinery without which the rest

(Maris *v.* Parry and others.)

cannot move. So have this court before decided in the assize of nuisance. The decision of the court, in not permitting the plaintiff to proceed with his case, is right.

Let it not be understood that we suppose the Chief Justice erred in permitting the jury who could not agree, to separate. That part of the common law which once said a jury could be starved until they agreed, or until one died, and thus a verdict became impossible, is too old for use; it could not be safely put in use by a judge now; he might become entangled in the machinery.

If a party will resort to a mode of proceeding, subject to certain inconveniences, he must take the consequence, even if that should be that he end where he began.