## TIERNAN ET AL. *vs.* NOE.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, FOR THE PARISH OF POINTE COUPEE, THE JUDGE OF THE SECOND PRESIDING.

Where a firm is interrogated on facts and articles, and one of the partners answers categorically, it is sufficient, unless each of the partners have been expressly called on to answer.

The right of being present when interrogatories are answered, is secured only to the party who requires his adversary to answer in open court.

Where the appeal is devolutive only, and no amicable demand proved, damages will not be given as for a frivolous appeal.

This is an action by the commercial firm of Tiernan & Co. against the defendant, on his promissory note. He pleaded the want of an amicable demand, and the failure of consideration ; and also propounded interrogatories *to the plaintiffs*, to be answered under oath. Charles Tiernan, one of the plaintiffs, (the other two partners being absent,) went before Judge Jackson, in the city of New-Orleans, and answered categorically, and in the negative, each interrogatory.

There was judgment for the plaintiffs, and the defendant appealed.

*Patterson*, for the plaintiffs, urged the affirmance of the judgment.

EASTERN DIST.
March, 1840.

TIERNAN ET AL.
vs.
NOE.

Where a firm is interrogated on facts and articles, and one of the partners answers categorically, it is sufficient, unless each of the partners have been expressly called on to answer. The right of being present when interrogatories are answered, is secured only to the party who requires his adversary to answer in open court. Where the appeal is devolutive only, and no amicable demand proved, damages will not be given as for a frivolous appeal.

*Stevens,* for the defendant and appellant, insisted :

1. The court below erred by receiving the answers of one only of the plaintiffs, without the answers of the other two, and also, because no notice of the time and place at which they were to be made, had been given either to the defendant or his counsel. No order of the court was necessary in order to make it obligatory on the plaintiffs to answer them, as they had not put the pertinancy of them at issue. *Code of Practice, articles* 349, 350; 3 *Martin's Reports,* 497; 7 *Louisiana Reports,* 333; 10 *Idem.,* 412, 13 *Idem.,* 71.

2. The court below erred by rendering judgment in favor of the plaintiffs, even if the answers were correctly received ; for there were the confessions and acknowledgments of two of the plaintiffs, showing that the consideration of said note had entirely failed, opposed to the answers of one.

3. The amicable demand was specially denied, and none was proved, yet the court below gave judgment against the defendant for costs.

4. The plaintiffs claim damages for a frivolous appeal. This is not a suspensive appeal, and even if it was, the damages could not be given, because the judgment gives interest at the rate of ten per cent. per annum. 12 *Louisiana Reports,* 421, 422 *and* 423 ; 13 *Idem.,* 428.

*Morphy, J.,* delivered the opinion of the court.

Suit being brought by plaintiffs on a note of hand executed to their order by defendant. The latter admitted his signature, pleaded want of amicable demand, and failure of consideration. To make out this plea the defendant put interrogatories to plaintiffs, a late firm of this city. Two of the partners being absent from the state, the interrogatories were answered by Charles Tiernan, in the name of the firm, under a commission issued from the court below, at the instance of defendant. These answers show a good and valid consideration for the note sued on.

The appellant has made two points in this court, to wit :

1. That the answers of Charles Tiernan, one of the firm, are not evidence, being unaccompanied by those of his partners.

Eastern Dist.
*March,* 1840.

========

TIERNAN ET AL.
*vs.*
NOE.

2. That those answers ought not to have been admitted by the judge below, because defendant had not been notified of the time and place at which said interrogatories were to be answered.

I. When a firm is interrogated, an explicit and categorical answer by one partner appears to us sufficient, unless the several answers of all its members have been expressly called for, which has not been done in this case.

II. The right of being present when interrogatories are answered before a justice of the peace, is secured only to the party who prays that his adversary be ordered to answer in open court. The party interrogated, if living in another parish, is not bound to repair to that parish where the suit is pending; but the party who puts the interrogatories must be notified when and where they are to be answered, that he may be present if he sees fit. *Code of Practice, articles* 351 *and* 352. No such prayer was made by defendant.

The damages prayed for by appellee cannot be allowed, the appeal being devolutive, and no proof having been made of any amicable demand before the institution of this suit.

It is, therefore, ordered, that the judgment of the District Court be annulled, avoided and reversed; and that plaintiffs do recover of defendant four thousand two hundred and twenty-nine dollars and fifty-two cents, with ten per cent. interest per annum, from the first of July, 1837, until paid, and the costs below made after the appearance of defendant, inclusively. The remaining costs in the District Court, and those of this appeal, to be paid by plaintiffs and appellees.