ELISHA CROCKER, Syndic of the creditors of Warner Watson Stewart, an Insolvent, *v.* GEORGE W. TURNSTALL.

Under art 351 of the Code of Practice, a party to an action to whom interrogatories are propounded can be required to answer, in open court, only when he resides in the parish where the court sits. Where his residence is out of the parish, but within the State, it is the duty of the party propounding the interrogatories to obtain from the court a commission directed to some Judge, or Justice of the Peace in the parish in which the party interrogated resides, to receive his answers; or the inter rogatories, if unanswered, cannot be taken *pro confessis.* C. P. 352.

A plaintiff may discontinue his action, at any time before judgment has been rendered, on paying the costs. C. P. 491. But he has no right to call upon the court for a judgment of nonsuit. As a general rule, when the plaintiff does not make out his case, the judgment against him should be one of nonsuit; but there are circumstances which render this rule inapplicable, and which ought to be considered sufficient to put an end to the matter in litigation. Such circumstances, growing out of the evidence, are to be left to the sound and legal discretion of the court, without any interference on the part of the parties.

APPEAL from the District Court of the First District, *Buchanan, J.*

*Elwyn,* for the appellant.

*McKinney,* for the defendant.

SIMON, J. The plaintiff, in his capacity of syndic of the insolvent estate of W. W. Stewart, seeks to revoke and annul a sale of certain property made by the insolvent to the defendant, on the grounds, that the sale was made in fraud of the insolvent's creditors; that the insolvent was, at the time, in failing circumstances; and that within three months from the day on which the act of sale was passed, he filed his petition and schedule for the benefit of the insolvent laws of the State.

To this petition the defendant answered by pleading the general issue. Several months after the filing of this answer, the plaintiff obtained leave to file a supplemental petition, in which he propounded to the defendant certain interrogatories, which he prayed that the defendant might be ordered to answer *in open court,* on the day of the trial of the cause; which order was granted accordingly.

On the trial of this case in the court below, the plaintiff, after having introduced in evidence the documents annexed to his pe-

Crocker, Syndic, v. Turnstall.

tition, called upon the defendant for his answers to the interrogatories contained in the supplemental petition; but the defendant's counsel stated, that his client was not in court, and did not intend answering the interrogatories; whereupon the plaintiff's counsel moved the court, *a qua,* to allow him to take the facts inquired of *pro confessis,* which, on the objections of the defendant's counsel, was refused by the court, and the plaintiff's counsel took his bill of exceptions. This decision, says the Judge, was based on art. 352 of the Code of Practice.

The trial went on, and during its progress, after the defendant had introduced evidence in support of his claim, the plaintiff moved the court to allow him to suffer a nonsuit, which was refused by the Judge, *a quo,* on the ground that the defendant, having already produced evidence, could not suffer a nonsuit, but that the case must be adjudged on the evidence before the court. To this opinion, the plaintiff's counsel took his bill of exceptions, in which the Judge states that " the decision was, that a party plaintiff could not claim as a right to be nonsuited, under the circumstances; that he had only a right to discontinue."

Judgment was rendered below in favor of the defendant, and the plaintiff has appealed.

On the first bill of exceptions, we think the Judge, *a quo,* did not err. The defendant is stated in the petition, as residing in the parish of Jefferson, and under art. 351 of the Code of Practice, a party interrogated can be required to answer in open court, only when *he resides in the parish where the court holds its sittings.* The order granted on the application of the plaintiff could not be complied with, as the defendant could not be compelled to appear in open court to answer the plaintiff's interrogatories; and as under art. 352, of the same Code, if the party interrogated reside out of the parish where the court sits, a commission ought to be directed to any Judge or Justice of the Peace in the parish where the party resides, whose duty it is to receive his answers to the interrogatories propounded to him, it was clearly the duty of the plaintiff to apply to the court for an order to issue such a commission.*

---

* An act of the 10th of February, 1843, enacted subsequently to the decision in the lower court, provides:—

" That the article three hundred and fifty-second of the Code of Practice be and the

Crocker, Syndic, v. Turnstall.

Here, the party interrogated was aware that he could not be, compelled to answer in open court; that he was not bound to appear personally on the day of the trial of the suit; and, as no order had been applied for and granted to authorize the plaintiff to take out a commission for the purpose of obtaining his answers to the interrogatories before any Judge of his domicil, he was justified in not taking any step to furnish his adversary with the evidence which had been so irregularly called for. If the plaintiff, after ascertaining that the interrogatories had not been answered, had applied for a continuance of the cause, as it was his duty to do, for the purpose of obtaining the defendant's answers in the manner prescribed by law, we are not ready to say that it shouldh ave been refused. 14 La. 298. 15 La, 119. 1 Robinson, 80. But surely, he cannot pretend, that his irregular proceeding should turn to the prejudice of the defendant, by taking the facts inquired of, *pro confessis*.

On the second bill of exceptions, we are of opinion that the decision complained of is correct. The plaintiff may, in every stage of the suit, previous to judgment being rendered, discontinue his action on paying the costs. Code of Practice, art. 491. But we know of no law in force in this State, that gives to the plaintiff the right of calling upon the court for a judgment of nonsuit. The general rule is, that when the plaintiff does not make out his case, the judgment against him should be one of nonsuit; but there are circumstances which render this rule inapplicable, and which, from their nature, ought to be considered sufficient to put an end to the matter in litigation. Such circumstances, growing out of the evidence, are left to be decided upon by the court, without any interference on the part of the parties, and seem to

same is hereby repealed, and that, in lieu thereof, the following article be substituted : In all cases where a party interrogated resides out of the parish where the suit is pending, and whether within or without the State, it shall be his duty to file his answer to the interrogatories propounded to him within such period as shall be fixed by the court, on the motion of the party interrogating, and notice of which order, fixing the delay, together with a copy of the interrogatories propounded, shall be served on the attorney representing the party interrogated: *Provided*, that when the party interrogated resides out of the State, his answers shall be taken by commission."·

be rather within the sound and legal discretion of the tribunal be-fore which the parties are litigating their rights. So, in the case of *Coleman et al.* v. *Breaud,* 6 Mart. N. S. 210, this court said, "the whole circumstances of the case do not, in our opinion, call for the interference of this court to reverse the judgment of the District Court, and *to enter one of nonsuit;*" and in this case, the defendant having already introduced evidence in support of his claim to the property sued for, which was deemed sufficient by the court, *a qua,* to establish his good faith, and to show that the sale had been made for a valuable consideration, we are not ready to say that the court erred in deciding the case upon its merits, and in refusing to nonsuit the plaintiff, as, under the evidence, it was the opinion of the Judge, *a quo,* that the claim set up by the plaintiff should be rejected, not only because it was not satisfac-torily made out, but also because the defendant had, by his evi-dence, shown that the plaintiff's action was unfounded, and could never be made out. Again, the plaintiff was at liberty to discon-tinue his action before judgment; but he could not claim, as a right, to be nonsuited, and thereby control the final decision of the cause. His remedy, in case of error in the judgment rendered against him, is only by an appeal to this court.

On the merits, we think the court, *a qua,* came to a correct con-clusion. The facts disclosed by the record establish conclusively, that the sale attacked by the plaintiff was made in good faith, and that the consideration, which appears to be a valuable one, was paid to the vendor according to the contract.

*Judgment affirmed.*