## No. 441.

CORNELIA McCOY AND HUSBAND *v.* NEELY McCOY, Administrator.

When the amount allowed to a widow in necessitous circumstances is claimed, it must be clearly established that these circumstances existed at the time the suit was filed.

APPEAL from the Eighteenth Judicial District Court, parish of Webster. *Turner,* J. *A. B. George, L. B. Watkins,* for plaintiff and appellee. *Watkins & Fort,* for defendant and appellant.

MORGAN, J. Plaintiff, widow of L. F. McCoy, and now the wife of Alexander D. Hamilton, sues the administrator of the succession of her former husband, and, alleging that at the death of her said husband she was in necessitous circumstances, claims one thousand dollars.

She further alleges that the estate left by her former husband was community property, and that as he died without leaving ascendents or descendents, she is entitled, as surviving widow, to the possession of all the property left by him during her natural life.

We do not think that these demands are inconsistent, as they are alleged to be by the defendant. If she was in necessitous circumstances,

she would be entitled to the amount allowed her by law. If she was in community with her husband she would be entitled to her share of the community. Only the value of her interest therein would have to be deducted from the amount necessary to make up the $1000. Thus, if the succession of her husband consisted of property, acquired during marriage, and valued at $1500, she would be entitled to $750, in her own right, and the balance of the amount necessary to make up the $1000, viz., $250 would be taken from the estate. She would clearly not be entitled to, first, the $750, amount of her interest in the community, and second, $1000 on account of her necessitous circumstances. She could only get an amount out of the succession of her husband, which, added to her own, would make up the sum of $1000.

As the sum claimed exceeds five hundred dollars, perhaps the district court had jurisdiction.

We understand the law which she invokes to be a charity, to be entitled to which it is necessary that the party claiming it should be an object of charity, or, as the law itself has it, in necessitous circumstances, and that these necessitous circumstances should exist at the time the charity is applied for. This is a question of fact, the affirmative of which is held by the applicant, and which must be established by the party claiming it. If the necessitous circumstances, admitting that they once existed, came to an end, the reason of the law would come to an end; when the reason ceases the law ceases with it. It would hardly be contended that, if a wife was left in destitute circumstances at the death of her husband, and while his succession was under administration she inherited a fortune, she would nevertheless be entitled to receive from his estate $1000. The injustice of such a doctrine would be manifest. The property left by the husband might not be worth more than $1000, and he might owe to persons in circumstances as necessitous as those of his wife, more than that sum. To give her the whole of his estate, and to his creditors nothing, when they needed it and she did not, would be cruel as well as unjust.

Now, in the case under consideration, it is not even alleged that the plaintiff is, or was when the suit was filed, in necessitous circumstances. It is established that when her husband, McCoy, died she had nothing, but she has maried since, and what her circumstances now are, we are not informed. For aught we know, she may be comfortably off.

Without expressing any opinion as to her right to recover, after her second marriage, the amount allowed to widows in necessitous circumstances, we are clearly of the opinion that she should make the circumstances which give her the right she claims clear. As she has not done this, we think she should suffer nonsuit.

Judgment affirmed.