## No. 12,030.

### State ex rel. G. A. Gondran, Administrator, vs. Emile Rost, Judge of the Twenty-first Judicial District.

The plaintiff may, in every stage of the suit previous to judgment being rendered discontinue his suit on paying the costs. This rule is subject, however, to some exceptions, as, for instance, after the case has gone to trial and evidence has been adduced, the judge can exercise his discretion as to the kind of judgment he shall enter; when an intervenor prays for the dissolution of the plaintiff's injunction and damages; when a defendant has set up in his answer a reconventional demand; when the rights of the plaintiff in suit shall have been seized on execution by a third party.

Aside from such exceptions as the foregoing, the rule is absolute.

APPLICATION for Writs of *Certiorari* and *Mandamus*.

---

R. N. *Sims* for Relator.

State ex rel. Administrator vs. Judge.

*G. V. Soniat* for Respondent.

Submitted on briefs January 6, 1895.
Opinion handed down January 20, 1896.
Rehearing refused February 24, 1896.

The opinion of the court was delivered by

WATKINS, J.   Relator avers, that in the suit of *George P. Jones vs. P. J. Coffman,* in the court of the respondent, an attachment was obtained and the property of defendant seized; and, subsequently, various parties filed interventions therein, claiming liens and privileges on the property attached, and bonded same.   That the plaintiff died *pendente lite,* and he was appointed administrator, and prior to the submission of the cause, he filed a motion to discontinue and dismiss the suit.

That, upon the trial, and submission of said motion, the respondent refused to allow a dismissal, or discontinuance of said suit.

He avers that his right to discontinue and dismiss said suit was and is absolute and unconditional; and that the refusal of the respondent to allow same is erroneous and operates to his great injury; and that the amount involved in said suit exceeds two thousand dollars, exclusive of interest.

His prayer is that the record of said suit be brought up, so that its validity may be ascertained and its illegality pronounced, and that a peremptory writ of *mandamus* issue commanding respondent to discontinue the aforesaid suit.

Respondent returns that the motion to dismiss, filed by relator's counsel, does not comply with C. P. 491, in that it does not make mention of the payment of costs; and the costs were never legally tendered, there having been nothing but a statement of counsel that the costs would be paid.

That, when the forthcoming bond of the defendant was tendered, it was stated to the court that all parties had agreed that one of the intervenors should be accepted as surety, but that it subsequently transpired that one of the intervenors had not given his consent, the surety being a resident of another parish and strenuously opposed the removal of the proceeds out of the parish; and that he subsequently took a rule on the signers of the agreement to have it

canceled and the proceeds of the sale of the property seized returned into the possession of the sheriff—the rule still pending and undisposed of.

That said proceeding created a *quasi concursus*, in which all parties to the suit are participants, thus precluding plaintiff from dismissing his suit.

That relator can not discontinue his suit " until things are replaced in their primitive condition; that when property or proceeds have been removed from the custody of the court, where they properly belong, restitution must first be made before a sweeping continuance can be allowed.

" That if this continuance had been allowed all proceedings, interventions, agreements and said bond of Coffman, with Reddy as surety, would have lapsed, upon the principle *sublato fundamento cadit opus;* thus leaving third opponents herein without any recourse in this case, as P. J. Coffman, defendant herein, is an absentee and without any property in the State of Louisiana."

That it is his duty to preserve, in their primitive regularity, the rights of litigants, and to prevent a grievous wrong and injustice.

Finally, that he is vested with judicial discretion in the premises, as "a plaintiff has not the right to discontinue his suit * * * under any and all circumstances."

It appears from the original record that the defendant Coffman executed bond, with C. J. Reddy as surety, in favor of the sheriff, for the sum of five thousand nine hundred and sixty-eight dollars, the amount of proceeds realized from the sale of the property attached and then in his hands, for the account of the plaintiffs as attaching creditors, and the intervenors asserting privileges on same.

The bond recites that this sum was surrendered and released to the defendant on said bond, the obligation of which is to "satisfy such judgment as may be rendered against him in the suit pending against him," etc.

Relator relies upon Art. 491 of the Code of Practice, as his authority for demanding of the respondent the dismissal of the suit in question.

It provides that "the plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."   C. P. 532.

This article has been frequently interpreted by this court; and in

Meyers & Co. vs. Birotte, McClelland, intervenor, 41 An. 745, we said:

"The plaintiffs had the unquestioned right, previous to judgment, to discontinue their suit on paying the costs." C. P. 491.

"The dismissal of their suit operated at once the release of the property which was claimed by the intervenors," etc.

In Barron vs. Jacobs, 38 An. 370, it was held that the dismissal of the suit carried with it the intervention.

This seems to be the general course of the decisions interpreting that article of the Code of Practice.

We have given attention to respondent's contentions without concurring in them.

In Crocker vs. Turnstall, 6 Rob. 354, the objection urged was "that the defendant, having already offered evidence, could not suffer a non-suit, but that the case must be adjudged on the evidence in court." The District Judge so decided, and his judgment was affirmed.

It was undoubtedly correct for the judge to determine on the evidence adduced, *what* judgment he should render.

In Whittemore vs. Watts, 7 R. 10, it was held that "when an intervening party prays for the dissolution of an injunction obtained by the plaintiff, and for interest and damages, the plaintiff can not, by dismissing his suit, deprive the former of his right to judgment."

His demand for damages was in the nature of a reconventional demand.

In Coxe vs. Downs, 5 R. 133, it was held that " as a general rule a plaintiff may discontinue his suit on the payment of costs; but he can not, by so doing, put the defendant out of court and defeat any legal rights the latter may have acquired under a demand in reconvention," etc.

This court has frequently so decided. Broussard vs. Duhamel, 4 La. 366; Brown vs. Robichaux, 15 An. 70; McDonogh vs. Dutillet, 3 An. 660; Verges vs. Gonzales, 33 An. 415; Davis vs. Young, 35 An. 740.

In Succession of Baum, 11 Rob. 314, it was held that "when the rights of the plaintiff in an action against a succession have been seized under *fi. fa.* he can not discontinue."

In Gayden vs. Railroad Co., 39 An. 270, the question was as to the plaintiff's right to enter a *remittitur* of the excess above two thousand dollars *after* the verdict of a jury, and that right was denied.

The foregoing decisions collate all the exceptions we have been able to find to the plaintiff's right to discontinue his suit at will, and not one of them applies to the instant case.

In State *ex rel.* Moss & Co. vs. Judge, 40 An. 203, relators, as defendants, sought by *mandamus* to compel the respondent to permit them to bond the property attached, there being several attaching creditors. But this court declined to make the writ peremptory, on the ground that relators had entered into a written agreement that the proceeds of sale of the property attached should remain in the hands of the sheriff to await the judgment of the court.

In this case, on the contrary, the agreement was to the effect that defendant might furnish sureties residing in another parish, thus facilitating the release of the property attached. Any party in interest may sue on a bond, given for the release of property attached, in conformity with Code of Practice, Art. 259. Wright vs. Oakey & Co., 16 An. 127.

The voluntary dismissal of plaintiff's suit would leave the rights of all other parties to the suit wholly unimpaired, the bond exigible, and the demands of the litigants unaffected thereby.

Unlike the judgment of a court dissolving an attachment, the voluntary dismissal of a suit does not have the effect of discharging the surety on a forthcoming bond.

With regard to plaintiff's motion to enter a non-suit, being silent as to the payment of costs, it is sufficient to observe that he is primarily bound therefor. Dunbar vs. Murphy, 11 An. 713.

The law provides that "in every case the costs shall be paid by the party cast" (C. P. 549); and "if the court have not decreed in their judgment that the party cast should pay the costs, the same are nevertheless due to the party in whose favor the judgment had been given; and such party shall have the same taxed on execution of the judgment." C. P. 551.

Party pays costs when cast upon any issue. Holzab vs. Railroad Co., 38 An. 185; McCarthy vs. Baze, 26 An. 382.

It is a familiar principle that judicial sureties are bound according to the terms of the law under which the bond is taken; and it has been repeatedly decided that the domicile of judicial sureties is by law to be within the jurisdiction of the court in which the suretyship is undertaken; and such sureties, though their domicile be beyond the jurisdiction of the court, by entering into such a con-

tract render themselves amenable to its jurisdiction.   R. C. C. 3042
Potter vs. Richardson, 1 N. S. 276; Mourain vs. DeVall, 12 La. 93;
The State vs. Judge, 2 R. 451; Wallace vs. Glover, 3 R. 413.

A judicial surety must have sufficient property to satisfy the obli-
gation and property liable to seizure *within the State.*   Act 24 of
1876; State *ex rel.* Menge vs. Judge, 36 An. 711; State *ex rel.* Favre
vs. Judge, 28 An. 888, overruled.

Our conclusion is that the respondent was without discretion in
the premises, and that the *mandamus* should be made peremptory.

It is therefore ordered and decreed that the preliminary writ of
*mandamus* be made peremptory, commanding the respondent to
enter a voluntary non-suit in the aforesaid cause, on the motion of
the plaintiff; and that the cost of this proceeding be taxed against
the respondent.