No. 2214

Second Circuit

---

## STATE OF LOUISIAN EX REL. HAMMON v. HEFLIN

---

(June 2, 1926, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Discontinuance and Nonsuit—Par. 2, 6, 8.**

Under Article 491 of the Code of Practice, the plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs. A voluntary non-suit is the same as a discontinuance by the plaintiff.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Winn, Hon. J. E. Reynolds, Judge.

Action by State of Louisiana, ex rel. W. J. Hammon, District Attorney, against W. T. Heflin, sheriff and ex-officio, Tax Collector. There was judgment vacating a dismissal as of non-suit and plaintiff appealed.

Judgment reversed and plaintiff's suit dismissed as of non-suit.

W. J. Hammon, Moss, Peters and Ware, of Winnfield, attorneys for plaintiff, appellant.

Hawthorne and Stafford, of Alexandria, Pearce and Fuller, of Winnfield, attorneys for defendant, appellee.

ODOM, J. On March 12, 1924, William J. Hammon, District Attorney, brought suit, upon the petition of certain citizens and tax payers of Winn parish, to remove William T. Heflin, sheriff and ex-officio tax collector, from office and to have him declared ineligible to hold office in the future, alleging, as a cause of action, numerous acts of misconduct, neglect, etc., on the part of said Heflin in his official capacity as sheriff and ex-officio tax collector.

The defendant answered, admitting certain of the allegations and denying others and specially consenting that judgment be entered ousting him from office during the remaining portion of his term, but denying plaintiff's right, under the law, to have him declared ineligible to hold office in the future.

Defendant signified a willingness to have the case tried and judgment rendered on its merits and the court fixed the date of the trial for June 3, 1924.

Subsequent to the fixing of the case for trial and before it was tried, the district attorney and the attorney employed to assist him in the prosecution of the suit, filed in court a motion reading in part as follows:

"Now into court, through undersigned counsel, come the citizens and tax payers at whose instance and request this suit was instituted, and Wm. J. Hammon, district attorney, and show to the court:

"1. That they desire to discontinue the suit herein filed, and desire that a voluntary non-suit be entered by the court.

"2. There is attached hereto the written request of said citizens and tax payers for the dismissal of said suit as in case of non-suit; also a receipted bill from C. McGinty, clerk, showing all costs have been paid."

Upon this motion the court, it seems, dismissed the suit as prayed for.

This motion was filed and the suit dismissed by the court in the absence of counsel for defendant who later moved that the court's order of dismissal be set aside.

It is not clear whether this order of the court was ·vacated or not, but the parties seem to have considered that it was.

Subsequently the court signed a judgment finally dismissing the suit and ordering—

"* * * that the right of the plaintiff to take a voluntary non-suit be rejected and disallowed".

Plaintiff has appealed to this court, asking that the judgment be reversed and

that the motion to dismiss the suit as in case of non-suit be sustained and the suit dismissed accordingly.

## OPINION

The sole question presented is whether the court should have permitted plaintiff to discontinue its suit and take a voluntary non-suit or whether it should have dismissed the suit finally, as it did.

Article 491 of the Code of Practice reads as follows:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

In the case of Davis vs. Young, 35 La. Ann. 740, the court held that—

"* * * there is no difference between a discontinuance and a voluntary non-suit".

In that case the plaintiff brought a petitory action and the defendant resisted it and in reconvention asserted title in herself. After the evidence had been introduced and argument by counsel begun, plaintiff moved to dismiss his suit as in case of non-suit, to which the defendant objected, demanding a final judgment.

The court held that the plaintiff had a right to take a non-suit without prejudice to defendant's rights on her reconventional demand.

In the case of Thompson vs. McCausland, 136 La. 774, 67 South. 826, the plaintiff asked that his suit be dismissed as in case of non-suit; the motion being made after the case had been submitted to the court and taken under advisement. After quot-

ing Article 491 of the Code of Practice, the court said:

"Construing the article thus quoted with reference to the right, accorded a defendant, to file a reconventional demand, it has been held, and we think the later authorities are conclusive upon the subject, that plaintiff may discontinue his suit at any time before judgment, but that he cannot, by so doing, put the defendant out of court, with respect to his demand in reconvention."

Citing many authorities, among others:

Meyers & Co. vs. Birotte, 41 La. Ann. 745, 6 South. 607, where it was held a plaintiff may discontinue his suit at any time previous to judgment, notwithstanding a third person has intervened for the purpose of claiming ownership of the property attached.

Such is the rule under the language of the Code of Practice and under the uniform jurisprudence of the state.

It is argued by counsel for defendant that inasmuch the defendant admitted certain allegations of the petition and agreed that judgment be rendered ousting him from office for the remaining portion of the term, there was nothing the court could do but render judgment on the pleadings.

Their position is not supported by the decisions.

In Thompson vs. McCausland, 41 La. Ann. 745, 6 South. 607, *supra*, the evidence was all in, arguments concluded and the case submitted to the court and taken under advisement. The court held that the plaintiff was entitled to a non-suit.

In the case of Davis vs. Young, *supra*, the evidence was all in and counsel for the

defendant had begun his argument when plaintiff moved for a non-suit, which the court held he had the right to take.

The theory of defendant seems to be that when a case has reached the stage where the court can render a definitive judgment either on the pleadings or on the testimony it must do so if the defendant insists upon it.

That is not the law. The plaintiff has the right to discontinue—

"* * * in every stage of the suit previous to judgment being rendered".

Defendant cites in brief the cases of Crocker vs. Turnstall, 6 Rob. 354 and Gondran vs. Rost, Judge, 48 La. Ann. 455, 19 South. 256, in support of his theory.

The Crocker vs. Turnstall case and one other were referred to by the court in the Davis vs. Young case, *supra*, and with reference thereto the court said:

"These are cases in which under the special circumstances stated the judge refused a non-suit and the appellate court declined to interefere with the discretion exercised."

The court, in the Turnstall case, stated that the plaintiff might discontinue his suit at any time previous to judgment rendered, citing Article 491 of the Code of Practice. But, said the court:

"We know of no law in force in this state that gives a plaintiff the right of calling upon the court for a judgment of non-suit."

thereby making a distinction between a discontinuance and a non-suit.

But in the Davis vs. Young case, *supra*, the court said:

"There exists no essential difference between a discontinuance and a voluntary non-suit."

It is clear that the decision relied upon by defendant, if it hold, as contended by counsel, that the court is vested with discretion in such cases, have been overruled by later decisions.

The other Louisiana cases cited by counsel, that of Gondran vs. Rost, Judge, does not support their contention. Numerous complications entered into the case, but the court held that even under the conditions which prevailed there, the judge was without discretion and should have allowed the dismissal as prayed for.

Counsel also cite 18 Corpus Juris, 1158, to the effect that a plaintiff will not be allowed to discontinue his suit or to take a non-suit—

"* * * when by so doing defendant's rights will be prejudiced or he will be deprived of any just defense."

That doctrine is in line with the holding of our court.

It is not pointed out to our satisfaction that the defendant in this case will have his rights jeopardized or that he will be deprived of any just defense by the dismissal of the suit as in case of non-suit. It may be and perhaps is true that it was to defendant's interest to have the matter finally disposed of at that time; but the court cannot grant him relief on that ground alone.

Counsel for defendant, in brief, cites authorities from other jurisdictions, but they are not controlling on the point.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be set aside, and it is now ordered, adjudged and decreed that plaintiff's suit be dismissed as in case of nonsuit; defendant to pay the costs of appeal.