FARMER v. JONES

———

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)
(March 10, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Martin E. Kranz, of New Orleans, attorney for plaintiff, appellant.

Jos. A. Casey, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff filed suit against the defendant in the First City Court on six promissory notes, aggregating $120.00, and stipulating for 8 per cent interest and 30 per cent attorney's fees. An answer was filed setting up a plea of want of consideration. With the issues thus made up the case went to trial, only one witness being heard, the defendant. At the conclusion of defendant's testimony plaintiff's counsel verbally requested the court to dismiss the suit. The court declined to do so and rendered judgment for defendant, whereupon plaintiff appealed.

In his brief in this court plaintiff asks that the "judgment of the lower court be reversed and that there be judgment in favor of plaintiff, allowing plaintiff to discontinue this suit", citing Art. 491, C. P., which reads:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

Assuming that this question can be raised on appeal, we observe that the rule relied on by plaintiff is subject to exception: "For instance after the case has gone to trial and evidence has been adduced, the judge can exercise his discretion as to the kind of judgment he shall enter." State ex rel. Gondrian, Administrator v. Judge, 48 La. Ann. 455, 19 So. 256.

In the case before us defendant filed a reconventional demand, which was not proven and the court in its judgment reserved defendant's right to establish it in another proceeding. We see no useful purpose to be subserved by interfering with the court below in the exercise of its discretion; consequently the judgment appealed from will be affirmed.

For the reasons assigned the judgment appealed from is affirmed.