### TERRELL v. TERRELL.*
No. 4663.

Court of Appeal of Louisiana, Second Circuit.

Jan. 3, 1934.

---

*Rehearing granted February 5, 1934.

662

T. A. Carter, of Alexandria, for appellant.

A. V. Hundley, of Alexandria, for appellee.

DREW, Judge.

The following opinion clearly states the case:

"Elijah Matt Terrell, husband of plaintiff, died on 5th of January, 1932. His father, N. R. Terrell, qualified as administrator of his son's succession December 12, 1932, as shown in probate proceedings No. 3862, this court. Plaintiff filed this suit February 10, 1933, demanding that she be paid the sum of $1,000 out of the estate on the ground that she 'is the widow of the deceased, and is in necessitous circumstances and not possessed in her own right of any property whatsoever.' The answer is a general denial.

"Upon trial, plaintiff offered testimony to establish that she was left in necessitous circumstances at the time of her husband's death, to which testimony defendant objected on the ground that there was no allegation in plaintiff's petition to form the basis of such proof; that the only allegation with respect to the necessitous circumstances was as to that which existed at the time she filed her suit, which was a little over one year after the husband's death—the death occurring January 5, 1932—and suit was filed February 10, 1933. The court, being uncertain as to a proper ruling, permitted the testi-mony to be introduced subject to the objection, and reserved the right to pass upon its admissibility later.

"It is a well-settled rule that testimony cannot be heard over objections of defendant to enlarge or go beyond the pleadings. Counsel for plaintiff contends that the court can take into consideration the pleadings and proceedings previously had in connection with the application for and appointment of the administrator of the succession of the deceased, and, by doing so, those proceedings would show an allegation that plaintiff was in necessitous circumstances at the time of her husband's death, which, if done, would amount to an enlargement of her petition.

"It is true plaintiff's petition, in paragraph 4, refers to a rule she had filed upon the administrator in the succession proceedings to show cause why the property should not be sold to pay her claim, and says, 'All of which will more fully appear by reference to Record No. 3862, * * *' but the paragraph does not recite that said succession record is attached by reference or made a part of the petition. The present demand is a separate and distinct suit, and the court hardly thinks it would be warranted in treat-ing as a part of the pleadings in it certain pleadings set up in the succession proceedings unless the present pleadings had gone further and made the former pleadings a part of the present.

"The rule referred to above was not filed until January 11, 1933, which was a little over a year after the death of Elijah Mat Terrell; it makes no allegation that plaintiff was in necessitous circumstances at the time of the death, therefore could not avail her anything if the court should consider it as part of the pleadings in the present suit.

"After considering the question of the admissibility vel non, the court is now of the opinion the objections are good, and therefore that part of the testimony admitted over the objections is disregarded in arriving at a decision on the merits of the case.

"Under the well-settled jurisprudence of this state, the widow, to succeed in her claim for $1,000 under the article of the Code (R. C. C. art. 3252), must be in necessitous circumstances at the time of the death of the husband and at the time of making the claim for same. McCoy v. McCoy, 26 La. Ann. 686; Suc. of Robertson, 28 La. Ann. 832.

"Since there are no allegations as to her circumstances at time of her husband's death and the proof offered on that point excluded from consideration in the case, plaintiff's case necessarily falls and shall have to be re-jected.

"Since the trial and submission of this case, and before rendition of judgment, plaintiff, through her counsel, has filed motion to dismiss the case as in case of nonsuit, claiming right to do so under the provisions of article 491 of the Code of Practice. Defendant, through counsel, objects to the dismissal, for the reason, as he contends, that, under the well-settled jurisprudence of this state, the judge may or may not, dependent upon all the surrounding circumstances of a case, grant a voluntary nonsuit to be taken, and that the circumstances presented under the testimony are such as to warrant, and in fact calls for, a refusal to permit the nonsuit. Counsel, in support of this contention, cites Crocker v. Turnstall, 6 Rob. 354, and State ex rel. Gondran, Adm'r, v. Emile Rost, Judge, 48 La. Ann. 456, 19 So. 256.

"In the last-cited case the Supreme Court held that: 'The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue his suit on paying the costs. This rule is subject, however, to some exceptions, as for instance, after the case has gone to trial and evidence has been adduced, the judge can exercise his discretion as to the kind of judgment he shall enter; when an intervenor prays for the dissolution of the plaintiff's injunction and damages; when a defendant has set up in his answer a reconventional demand; when the rights of plaintiff in suit shall have been seized in execution by a third party.'

"The court then concludes by saying: 'Aside from such exceptions as to the foregoing, the rule is absolute.'

"Cases cited in support of the above holding are Hewett v. Williams, 48 La. Ann. 691, 19 So. 604; Levy v. Collins, 115 La. 213, 38 So. 966; 17 Cent. Dig. Dismissal and Nonsuit, § 64.

"As this court views it, the exception applicable to this case is the one first named, that is, that the court can at its discretion render such judgment from the evidence adduced as it thinks the evidence warrants. To do this, of course, would necessitate consideration of the testimony ruled out under defendant's objections. To permit a dismissal and the bringing of a new suit, it is obvious that the court would ultimately have this excepted testimony before it, along with the acceptable testimony in the record.

"Therefore, in the exercise of the discretion apparently allowed, the court thinks it would serve no good purpose to put the litigants to further trouble and delay, and will refuse the motion to dismiss and render a definitive judgment under the whole testimony in the record.

"After consideration of all the facts and circumstances in the case, the court thinks plaintiff not entitled to recover, and so holds. The motion is therefore denied and there will be judgment rejecting plaintiff's demands.

"R. C. Culpepper, Judge."

We agree with the finding of the lower court in all, except where it rejects the demands of plaintiff.

The evidence which the court states it considered, although not admissible, to our mind clearly establishes the fact that, at the time of the death of plaintiff's husband, she was in necessitous circumstances, and in fact was penniless. She owned no property of any kind. She was legally married to the deceased, lived with him as his wife until his death, at which time she was left penniless. On what ground the lower court rejected her demand, we do not know, as its opinion does not discuss the evidence. The fact that plaintiff married deceased only a short time before he died, or the attempt to prove, or if it had been proved, that she and deceased had lived in adultery prior to their marriage, are not sound reasons for rejecting her demands, as a widow in necessitous circumstances.

Our Supreme Court has held that, even though a wife had been unfaithful to her husband, it was not grounds for rejecting her demands as a widow in necessitous circumstances. All that is required by the law is that she be the legal wife of the deceased at the time of his death, and that she be in necessitous circumstances. Article 3252, Revised Civil Code; Veillon v. Lafleur's Estate, 162 La. 214, 110 So. 326.

These facts are clearly proved by the testimony considered by the lower court.

The question of the admissibility of this testimony is not before us, as the defendant was apparently satisfied with the lower court considering this testimony, for he did not appeal, neither did he answer the appeal, nor favor us with an argument or brief in the case. We therefore are powerless to change any part of the judgment that would make it more favorable to him.

After the death of plaintiff's husband, she received from his succession, for her own use and benefit, $5, and the succession will be given credit for that amount.

It therefore follows that the judgment of the lower court is reversed; and there is now judgment in favor of plaintiff and against the succession of Elijah Matt Terrell, with N. R. Terrell, as administrator thereof, recognizing plaintiff's claim as a widow in necessitous circumstances for the amount of $1,000, less $5, with 5 per cent. per annum interest thereon from judicial demand until paid; and the administrator is ordered to pay the same in due course of administration over all other debts, except those which prime it in law.