## SMITH v. NEW ORLEANS PUBLIC SERVICE, Inc.

### No. 16846.

Court of Appeal of Louisiana. Orleans.

March 21, 1938.

Richard L. Voelker, Jr., of New Orleans, for appellant.

Alvin R. Christovich and M. A. Woodruff, both of New Orleans, for appellee.

WESTERFIELD, Judge.

The sole question presented by this appeal is whether the definitive judgment rendered in favor of defendant should have been a judgment of voluntary nonsuit in response to plaintiff's motion to that effect. Plaintiff alleged that she was a passenger on the Leonidas street bus line, owned and operated by the defendant; that when the bus reached the intersection of Monroe and Olive streets, she attempted to alight, putting her foot on the step at the rear of the bus for that purpose; and that as she did so the step folded up causing her to fall and to sustain certain physical injuries for which she asked the sum of $300 in damages. The defendant contended that there were no busses on the Leonidas line with folding steps and after plaintiff's evidence had been submitted and while defendant's last witness was on the stand permission was asked to produce one of the busses typical of all the others in order that the character of the step might be examined by the court. The request was granted, an inspection of the bus was had at a point near the courtroom, and it appeared that the bus was not equipped with a folding step, whereupon the plaintiff's attorney informed the court that his client claimed that the bus exhibited by the defendant was not the kind of bus in which she was riding at the time of the accident. A delay of two days was granted by the court in order to permit counsel to offer proof in support of this contention. When the case was again called for trial at the expiration of the two days' delay, counsel for plaintiff offered no evidence but tendered a written motion to dismiss the suit as in case of nonsuit. No objection to the motion was made by opposing counsel, but the court refused to allow it to be filed, whereupon notice was given of intention to apply to the Supreme Court for writs of prohibition and mandamus.

The court, however, declined to further delay the matter and proceeded to render a definitive judgment in favor of defendant, dismissing plaintiff's suit. The Supreme Court subsequently declined to issue the writs applied for upon the ground that the proper remedy was by appeal.

Article 491 of the Code of Practice reads as follows:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

There is no question of costs involved since this suit was filed in forma pauperis.

This article has been the subject of consideration of our courts on a number of occasions. Crocker v. Turnstall, 6 Rob. 354; Yorke v. Allen, 20 La.Ann. 237; Davis v. Young, 35 La.Ann. 739, 740; State ex rel. Gondran v. Rost, 48 La.Ann. 455, 19 So. 256; Thompson v. McCausland, 136 La. 774, 67 So. 826; State ex rel. Hammon v. Heflin, 4 La.App. 322; Farmer v. Jones, 12 La.App. 371, 125 So. 140; Terrell v. Terrell, La.App., 151 So. 661; Wright v. United Gas Public Service Co., 183 La. 135, 162 So. 825.

According to the earlier decisions, a distinction was made between a judgment of dismissal and a judgment of nonsuit and it was held that notwithstanding the article of the Code of Practice, a plaintiff in a suit had no right to dictate the form of judgment to be rendered by the court and, therefore, could not insist upon a judgment of voluntary nonsuit. Crocker v. Turnstall; Yorke v. Allen; State ex rel. Gondran v. Rost. However, in the case of Davis v. Young, it was held that there was no essential difference between a discontinuance and a voluntary nonsuit. In State ex rel. Hammon v. Heflin, the Court of Appeal for the Second Circuit, through Judge Odom, now Justice Odom of the Supreme Court, after a comprehensive review of the jurisprudence, held that plaintiff might obtain a voluntary nonsuit at any time prior to judgment providing that the rights of a defendant who may have filed a reconventional demand be respected.

It was at one time held that the rule announced in Code Prac. art. 491 was subject to some exceptions. In State ex rel. Gondran v. Rost, supra, we find the following:

"This rule is subject, however, to some exceptions, as, for instance, after the case has gone to trial, and evidence has been adduced, the judge can exercise his discretion as to the kind of judgment he shall enter; when an intervenor prays for the dissolution of the plaintiff's injunction, and damages; when a defendant has set up in his answer a reconventional demand; when the rights of the plaintiff in suit shall have been seized on execution by a third party.

"Aside from such exceptions as the foregoing, the rule is absolute."

However, in a later case, Thompson v. McCausland, the evidence was all in, argument concluded, and the cause taken under advisement. It was, nevertheless, held that the plaintiff was entitled to have a nonsuit on his motion to that end.

The motion for dismissal of the suit in this case was tendered the court before judgment was rendered. There was no reconventional demand or other special interest of defendant to be protected. The motion should have been granted.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed and it is now ordered, adjudged, and decreed that plaintiff's suit be dismissed as in case of nonsuit.

Reversed.

McCALEB, J., absent, takes no part.