Plaintiff-appellant has appealed from a judgment of the First City Court of New Orleans maintaining an exception leveled by defendant against its suit.
On July 29, 1947, plaintiff, Strudwick Funeral Home, Inc., filed suit No. 327-057 of the docket of the lower court against defendant, Edward Crawford, for the amount allegedly due under a contract entered into between the parties. Subsequently plaintiff filed a supplemental and amended petition. The defendant answered and the case was regularly fixed for trial. During the course of the trial, on motion of plaintiff's counsel, the suit was dismissed as in the case of nonsuit.
Plaintiff, on October 7, 1947, under docket No. 328-727 of the lower court, filed a second suit based on the same cause of action. Defendant answered on November 7th.
On December 4th, the day the matter was fixed for trial, defendant; filed what he denominated a "peremptory" exception of res judicata, grounded upon the fact that plaintiff had failed to comply with the provisions of Code Prac. art. 536 regarding the payment of defendant's costs in the first proceeding. The exception was argued and submitted, and there was judgment maintaining it and dismissing the second suit as of nonsuit. From this judgment the present appeal has been taken by plaintiff.
[1] Article 536 of the Code of Practice has no application as the voluntary non-suit entered against the plaintiff had the same effect as if plaintiff's counsel had discontinued the suit (Laenger v. Laenger, 138 La. 532, 70 So. 501; State ex rel. Hammon v. Heflin, 4 La. App. 322; Davis v. Young, 35 La. Ann. 739), and the matter must be decided upon the pertinent articles of the Code of Practice, which will be hereafter quoted.
The sole question to be decided is whether the exception, which article 492 terms a dilatory exception, was timely filed and what effect, if any, is to be given to it.
It is provided in article 491 that:
"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."
The next article, 492, as amended by Act No. 28 of 1922, reads in part as follows:
"After discontinuing the suit, the plaintiff may bring the action anew but no further proceedings shall be had therein until the costs in the first suit shall have been paid; and the nonpayment of such costs shall be ground for a dilatoryexception only. (Italics ours.) *Page 840 
"Provided further that after the filing of the aforesaid exception if the costs expended by the defendant in the first suit are not paid within five days, then the plaintiff's suit shall be dismissed, reserving the right to bring the action anew upon payment of all costs incurred by the defendant."
According to C. P. art. 332, "dilatory exceptions are such as do not tend to defeat the action, but only to retard its progress."
Article 333, as amended by Act No. 124 of 1936, relating to the time dilatory exceptions must be tendered, contains the following provisions:
"Hereafter no dilatory exceptions shall be allowed in any case after a judgment by default has been taken; and in every case they must be pleaded in limine litis and at one and the same time, otherwise they shall not be admitted; nor shall such exceptions hereafter be allowed in any answer in any cause."
[2, 3] The codal article lastly quoted definitely and unmistakably provides that dilatory exceptions must be pleaded in limine litis, that is to say at the threshold of the litigation or at the very beginning. They may not even be pleaded in the answer. The failure to assert a dilatory plea before joinder of issue constitutes a waiver of the defendant's rights to maintain the plea.
[4] We are informed that after the exception was filed plaintiff's counsel sent a check to the attorney for defendant for the amount of defendant's costs in the first suit. There is some dispute as to when such payment was made, defendant's attorney contending that the payment was made after the five-day period provided for in C. P. art. 492 and was, therefore, ineffectual, but we deem it unnecessary to pass on this question, for as we have already said, defendant must be held to have waived his rights to the dilatory plea by asserting it only after answering the suit, and whether the costs were paid within the five-day period or were ever paid is inconsequential.
For the reasons assigned the judgment appealed from is reversed, the costs of this appeal to be borne by defendant-appellee, and the matter is remanded to the First City Court of New Orleans for further proceedings in accordance with law; all other costs are to await the final determination of the case.
Reversed and remanded. *Page 841 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 842 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 843 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 844 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 845 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 846 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 867